DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied a motion to suppress filed by appellant, Jason Boyd. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} On appeal, appellant sets forth the following assignment of error:
 {¶ 3} "The trial court erred by denying appellant's motion because the state failed to establish that a `reasonable articulable suspicion' of unlawful activity existed thereby justifying the warrantless search and seizure of the appellant and the vehicle he was operating as a proper investigative stop."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On June 4, 2003, members of the Toledo Metro Drug Task Force Interdiction Unit ("drug task force") initiated an undercover investigation of possible drug activity. The drug task force was notified by an informant that illegal drug activity was occurring at the Red Roof Inn in Holland, Ohio. The drug task force had received reliable tips from this informant on past occasions. The informant provided a specific date, a specific location including room number, and a specific Ohio license plate number of a vehicle involved in the illegal activity. Based upon this information, the drug task force initiated surveillance of the location.
 {¶ 5} Prior to their arrival at the scene, the investigators were notified by the informant that the suspect vehicle had left the premises of the Red Roof Inn. Accordingly, the investigators focused their efforts upon room 239, the room identified by the informant. Upon approaching room 239, the officers smelled the distinct odor of "raw marijuana". In follow-up, the officers collaborated their suspicion via their specially trained narcotics detection dog, Mirza. Mirza unequivocally "alerted" to the presence of drugs in room 239. Based upon this investigation, the investigating officers secured a search warrant for room 239. Upon execution of the warrant, approximately 20 pounds of marijuana were discovered.
 {¶ 6} Following the investigation, warrant, search, and discovery of drugs in room 239, several officers remained at the scene. Later that evening, a black SUV with an Ohio license plate matching the one disclosed by the informant entered the parking lot followed by a pick-up truck. The officers observed the conduct of the vehicles and their occupants. The officers approached the black SUV after making observations consistent with indicia of drug activity. Crack cocaine was observed on the console of the vehicle. In addition, over a pound of marijuana, assorted pills, a loaded gun, and approximately $5300 in cash were recovered from the vehicle. The appellant was Mirandized and taken into custody.
 {¶ 7} On July 24, 2003, appellant was indicted with carrying a concealed weapon, trafficking in marijuana, and possession of crack cocaine. On August 5, 2003, appellant entered not-guilty pleas. On September 16, 2003, counsel for defendant filed a motion to suppress the evidence obtained from the vehicle. The trial court conducted an oral hearing on the motion to suppress. On March 23, 2004, the trial court denied the motion to suppress. On May 6, 2004, appellant entered pleas of no contest to trafficking in marijuana and an amended count of possession of crack cocaine. On May 25, 2004, appellant was sentenced to serve twelve months incarceration on the marijuana charge and three years mandatory incarceration on the crack cocaine charge, to be served concurrently. Appellant filed a timely notice of appeal.
 {¶ 8} In his sole assignment of error, appellant argues appellee failed to establish "reasonable articulable suspicion" of unlawful activity to justify an investigative stop and warrantless search. In support, appellant argues the confidential informant's information was not specific enough regarding appellant's identity to be deemed reliable. Appellant claims that because the informant's tip did not include any physical description of the suspect, the tip lacked sufficient indicia of reliability to properly permit the stop.
 {¶ 9} To justify such an investigatory stop, law enforcement officials must demonstrate "reasonable articulable suspicion" of unlawful activity. This is a lesser burden to satisfy than a finding of probable cause. State v. Murphy, 6th Dist. No. H-04-012 at ¶ 19, 2005-Ohio-135. The Supreme Court of Ohio has consistently determined that, "reasonable suspicion means the officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion or stop." State v. Bobo
(1988), 37 Ohio St.3d 177. Facts are judged pursuant to an objective standard. The relevant test is whether those facts available to the officer, at the time of the search or seizure, would warrant a reasonable man in the belief that the action taken was appropriate. Terry v. Ohio
(1968) 392 U.S.1.
 {¶ 10} The Ohio Supreme Court has determined that appellate review of a motion to suppress presents a mixed question of law and fact. An appellate court must not reject the trial court's factual findings if they are supported by competent, credible evidence. If so supported, the appellate court then independently determines whether these facts satisfy the proper legal standard. State v. Malone, 6th Dist. No. E-03-060, 2004-Ohio-3794.
 {¶ 11} In this case, the trial court found reasonable suspicion based upon the testimony of the investigating officers. The informant was previously utilized by the drug task force on prior investigations. The informant had proven reliable. In the instant case, the informant furnished the drug task force with two specific details pertaining to the alleged drug activity. First, the informant conveyed the precise room number of the hotel where suspected drug activity was taking place. Pursuant to their investigation, the officers verified this information. It was accurate. The officers first smelled the odor of "raw marijuana" originating in room 239, then their trained drug sniffing dog "alerted" to room 239. A search warrant for that room was obtained, executed, and approximately 20 pounds of marijuana were discovered. Thus, the credibility of the informant's tip was demonstrated as the investigation progressed.
 {¶ 12} As the investigation at the hotel continued, a motor vehicle with the precise Ohio license plate number furnished by the informant entered the hotel parking lot. The officers closely monitored the behavior of the vehicle and its occupants. The behavior was indicative of potential drug activity. The officers then approached the vehicle and initiated an investigative stop and safety search.
 {¶ 13} The propriety of such an investigative stop is examined under a totality of the circumstances standard. State v. Bobo (1988),
37 Ohio St.3d 177. In this case, the drug task force investigated specific information furnished by a reliable informant alleging drug activity was occurring in room 239 of the Red Roof Inn in Holland, Ohio. This information proved accurate. Under the totality of circumstances, the related inference regarding the black SUV was rational and reasonable. It was derived from other specific facts, proven to be true, and warranted the investigatory stop and search.
 {¶ 14} This court finds that the investigating officers possessed the requisite "reasonable articulable suspicion" to stop and search appellant and the vehicle he was operating. The trial court did not err in denying appellant's motion to suppress.
 {¶ 15} Accordingly, appellant's sole assignment of error is found not-well taken.
 {¶ 16} On consideration whereof, the court finds that the appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of these proceedings are assessed to the appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J. Parish, J. Concur.