DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Scott Lambrecht, appeals the December 3, 2004 judgment entry of the Perrysburg Municipal Court which, following a no contest plea, found appellant guilty of operating a motor vehicle while under the influence of alcohol. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} On April 2, 2004, appellant was charged with operating a motor vehicle while under the influence of alcohol, a violation of R.C.4511.19(A)(1). On May 4, 2004, appellant filed a motion to suppress the B.A.C. DataMaster results on the ground that the officer did not have probable cause to arrest appellant. Following a hearing, the trial court denied the motion. Appellant then entered a no contest plea and the trial court found him guilty. This appeal followed.
 {¶ 3} Appellant now raises the following two assignments of error:
 {¶ 4} "Appellant's first assignment of error
 {¶ 5} "The trial court erred in denying appellant's motion to suppress when the investigating officer did not possess a reasonable and articulable suspicion to justify a stop and detention of the appellant, and as is required under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Constitution of the state of Ohio.
 {¶ 6} "Appellant's second assignment of error
 {¶ 7} "The trial court erred in finding that the appellant was operating a vehicle while under the influence of alcohol (OVI) pursuant to Ohio Revised Code 4511.19 as this finding was not supported by competent and credible evidence and the trial court did not meet the applicable legal standard."
 {¶ 8} At the outset we note that the suppression hearing was not recorded. On January 18, 2005, appellant, pursuant to App.R. 9(C),[1]
filed a statement of the evidence in the trial court. On January 19, 2005, the state filed its own App.R. 9(C) statement of the evidence. The trial court presumably approved both statements of the evidence by signing the orders prepared by each of the parties adopting their respective statements of the evidence. However, contrary to such approval, the court then submitted its own statement of the evidence pursuant to App.R. 9(C). A trial court is permitted to reject an appellant's 9(C) statement by filing its own statement of the evidence.Covey v. Natural Foods, Inc., 6th Dist. No. L-03-1111, 2004-Ohio-1336, citing State ex rel. Fant v. Trumbo (1986), 22 Ohio St.3d 207, 208. See, also, In re Davis, 8th Dist. No. 82233, 2003-Ohio-5074, at ¶ 28-33. Where a trial court submits its own statement of the evidence for appeal purposes, the reviewing court, pursuant to App.R. 12(A), is bound to accept the trial court's statement of the evidence. State v. Dickard
(1983), 10 Ohio App.3d 293, 295. After careful review, we find that the trial court's act of filing its own statement of the evidence acted as a tacit rejection of appellant's 9(C) statement; accordingly, we will rely on the trial court's statement of the evidence.
 {¶ 9} We now turn to the merits of appellant's appeal. In his first assignment of error, appellant argues that the trial court erroneously denied his motion to suppress where the officer did not have a reasonable and articulable suspicion to initiate a traffic stop. In response, the state contends that this argument has been waived because it was not raised in the trial court.
 {¶ 10} When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger
(1993), 86 Ohio App.3d 592, 594. An appellate court must independently determine, without deferring to a trial court's conclusions, whether, as a matter of law, the facts meet the applicable standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
 {¶ 11} In his May 4, 2004 motion to suppress, appellant argued that "the officer did not have the requisite probable cause to make the arrest and therefore the results of the B.A.C. verifier administered to the Defendant should be suppressed." The trial court's judgment entry denying the motion to suppress states that "the sole issue to be decided is whether the police officer had probable cause to arrest the defendant of operating a vehicle while under the influence of alcohol (R.C. 4511.19)."
 {¶ 12} Based on the foregoing, we must conclude that the validity of the stop was not raised in the trial court and, accordingly, is not properly before this court on appeal. However, even considering the merits of appellant's first assignment of error, we find that it lacks merit. The trial court's statement of facts indicates that, according to the testimony of the arresting officer presented at the suppression hearing, appellant failed to stop for a red light. The Ohio Supreme Court has held that the initial stop of a vehicle based on a traffic violation is not unreasonable under the Fourth Amendment. Dayton v. Erickson,76 Ohio St.3d 3, 1996-Ohio-431. Appellant's first assignment of error is not well-taken.
 {¶ 13} In appellant's second assignment of error he argues that the trial court erroneously found that the officer had probable cause to arrest appellant for driving under the influence of alcohol. We disagree.
 {¶ 14} The facts set forth in the trial court's App.R. 9(C) statement of the evidence are as follows. According to Rossford Police Officer Randy Baker, at approximately 2:44 a.m., appellant's vehicle entered the intersection at SB I-75 and Buck Road just after the light turned red. Baker followed the vehicle to a parking lot; appellant exited his vehicle and approached Baker. Baker testified that appellant stated that he had just left a bar and that his breath had a slight odor of alcohol. Baker also indicated that appellant's eyes were glassy and bloodshot. Baker then proceeded to administer the horizontal gaze nystagmus ("HGN") test which scored six out of six clues, indicating alcohol impairment. Appellant performed fairly well on the other field sobriety tests. Appellant was then placed under arrest for operating a vehicle while under the influence of alcohol.
 {¶ 15} Regarding appellant's arrest, in Beck v. Ohio (1964),379 U.S. 89, 91, 13 L. Ed. 2d 142, 85 S. Ct. 223, the United States Supreme Court held that probable cause for a warrantless arrest is based on "* * * whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed the offense." In making this determination, a court must examine the totality of facts and circumstances surrounding the arrest.State v. Homan, 89 Ohio St.3d 421, 427, 2000-Ohio-212.
 {¶ 16} Upon consideration of the limited facts presented in this case, the court finds that appellant's act of running a red light, his admission that he was coming from a bar, the slight odor of alcohol on appellant's breath and his bloodshot and glassy eyes, and appellant's performance on the HGN test all demonstrate that Officer Baker had a sufficient basis for believing that probable cause existed to arrest appellant for driving under the influence of alcohol. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 17} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Perrysburg Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Wood County and for which execution is awarded. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J. and Singer, P.J. Concur.
[1] App.R. 9(C) provides, in part:
"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."