DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction for operating a motor vehicle while under the influence of alcohol entered on a no contest plea in the Bowling Green Municipal Court. For reasons that follow, we affirm.
 {¶ 2} On the evening of January 22, 2005, two Bowling Green police officers responded in separate vehicles to an unwanted person call at a mobile home park on the city's north side. On arrival, one of the officers went to the home of the complainant who advised him that a woman had come to the complainant's home looking for a child. When the woman refused to leave, the complainant called police.
 {¶ 3} When the first officer arrived, the complainant told him that the unwanted person had already left. The complainant also apparently described the car that the woman was driving. During this conversation, a second officer arrived. As the first officer relayed the vehicle description to the second officer, the second officer saw a similar vehicle pull into a parking space at another mobile home approximately 75 yards away. According to the second officer's later testimony, he saw a long-haired woman he identified as appellant, Amy Swanson, emerge from the driver's side of the car and move toward one of the mobile homes.
 {¶ 4} As the second officer arrived at the vacant, but still running vehicle, he observed an open bottle of beer on its center console. The officer then encountered appellant walking back to her car. At this point, the first officer to respond arrived.
 {¶ 5} The first officer testified that when he approached appellant he noted a moderate odor of alcoholic beverage. He observed that her eyes were glassy and bloodshot; her speech slurred. At that point, the officer performed a horizontal gaze nystagmus test upon appellant, which she failed. Because of the cold and snowy conditions that evening, the officer deferred further field sobriety tests.
 {¶ 6} The first officer arrested appellant for operating a motor vehicle while under the influence of alcohol and transported her to the police station where he advised her of her rights pursuant to Miranda v. Arizona (1966), 384 U.S. 436, and requested that she perform further field sobriety tests and take a breathalyzer test, all of which she declined.
 {¶ 7} Police charged appellant with a violation of R.C.4511.19(A)(1)(a) and open container. During her transfer to the County Justice Center, three hours after she was mirandized, appellant responded to the questions of the officer driving as to whether she would have driven in her condition if she had needed to leave the mobile home park.
 {¶ 8} Appellant pled not guilty and moved to suppress evidence from her initial contact with the police as well as statements made while being transported. She argued that police did not have a reasonable articulable suspicion to institute a traffic stop, did not have probable cause to arrest her for driving under the influence, and that her Miranda warnings had become stale by the time she was transported to the jail.
 {¶ 9} When the trial court denied appellant's motion to suppress, she pled no contest and was found guilty of the R.C.4511.19(A)(1)(a) violation. The state dismissed the open container offense.
 {¶ 10} From this judgment, appellant now brings this appeal, setting forth the following three assignments of error:
 {¶ 11} "I. The trial court erred in denying appellant's motion to suppress #1 when the investigating officers lacked a reasonable and articulable suspicion to justify a stop and detention of appellant, and as is required under the Fourth andFourteenth Amendments to the United States Constitution and Article I, § 14 of the Constitution of the State of Ohio.
 {¶ 12} "II. The trial court erred in denying appellant's motion to suppress #2 when the investigating officers lacked probable cause to arrest appellant for driving under the influence of alcohol, and as is also required under the Fourth
and Fourteenth Amendments to the United States Constitution and Article I, § 14 of the Constitution of the State of Ohio.
 {¶ 13} "III. The trial court erred in denying appellant's motion to suppress #3 when it was not shown that the investigating officers properly informed appellant of herFifth Amendment privilege against self incrimination or that she waived that privilege, in violation of her rights under the Fifth andFourteenth Amendments to the United States Constitution."
 I. Reasonable Suspicion {¶ 14} In her first assignment of error, appellant complains that the trial court should have suppressed the evidence arising out of her initial stop because police lacked reasonable articulable suspicion of criminal activity to effect such a stop.
 {¶ 15} "The Fourth Amendment to the United States Constitution and Sec. 4, Art. I of the Ohio Constitution prohibit unreasonable seizures of persons or property. Stopping an automobile and detaining its occupant or occupants constitutes a seizure within the meaning of those provisions. Delaware v.Prouse (1979), 440 U.S. 648, 653. Consequently, a traffic stop may only be effected when there is probable cause to believe that the driver is violating a traffic or equipment regulation, Id. at 661, or there is articulable and reasonable suspicion that the vehicle or its occupant is otherwise subject to seizure for violation of the law. Id. at 663. When police stop a vehicle without either probable cause or a reasonable articulable suspicion of criminal activity, the seizure is violative of the individual's constitutional rights and evidence derived from such a stop must be suppressed." State v. Bordieri, 6th Dist. No. L-04-1321, 2005-Ohio-4727, at ¶ 9.
 {¶ 16} Not every contact between police and a citizens, however, implicates constitutional guarantees. Where police merely approach a person in a public place, engage the person in conversation, request information, and the person is free to not answer or to walk away, this is considered a consensual encounter: a situation that does not implicate Fourth Amendment guarantees. State v. Taylor (1995), 106 Ohio App.3d 741, 747;United States v. Mendenhall (1980), 446 U.S. 544, 553. It is only when, "* * * the police officer has by either physical force or show of authority restrained the person's liberty so that a reasonable person would not feel free to decline the officer's requests or otherwise terminate the encounter," id. at 747-748, citing Mendenhall, supra at 554 and Terry v. Ohio (1968),392 U.S. 1, 16, 19, that a seizure of the person has been effected and must be justified.
 {¶ 17} In this matter, appellant was not in her car or her home when police initiated contact with her. She was outside in a public area. Such an encounter requires no justification. The consensual encounter, however, was likely only momentary. The officer observed that appellant smelled of an alcoholic beverage, slurred her speech, and had bloodshot and glassy eyes. The officer also observed that she had been driving. These observations gave rise to a reasonable articulable suspicion that appellant was driving under the influence of alcohol. Such suspicion justifies a further investigatory detention. Accordingly, appellant's first assignment of error is not well-taken.
 II. Probable Cause {¶ 18} In her second assignment of error, appellant maintains that evidence collected subsequent to her arrest should have been suppressed because the officers lacked probable cause to effect the arrest.
 {¶ 19} Probable cause is:
 {¶ 20} "[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." State v. Scott (2001),92 Ohio St.3d 1, 8, quoting Ash v. Meadows (1851), 20 Ohio 119, paragraph one of the syllabus.
 {¶ 21} A strong odor of an alcoholic beverage, bloodshot and glassy eyes and slurred speech are classic observations indicative of insobriety. See, e.g., Columbus v. Dials, 10th Dist. No. 04-AP-1099, 2005-Ohio-6305, at ¶ 35; State v.Lambrecht, 6th Dist. No. WD-04-079, 2005-Ohio-5882, at ¶ 16;State v. Powers, 6th Dist. No. L-04-1210, 2005-Ohio-5737, at ¶ 12. In each of these cases, courts concluded that such indicia, usually accompanied by poor performance on a horizontal gaze nystagmus test, constituted probable cause to arrest a subject for violation of R.C. 4511.19(A). We conclude the same. Accordingly, appellant's second assignment of error is not well-taken.
 III. Miranda {¶ 22} In her remaining assignment of error, appellant insists that the trial court erred in denying her motion to suppress statements made by her on questioning while being transported to jail. Appellant maintains that the questioning occurred more than three hours after she had been read herMiranda rights. In such circumstances, appellant insists, the cautionary intent of the reading of the rights had become so stale as to dilute their effectiveness.
 {¶ 23} Appellee responds that even if the trial court erroneously denied suppression of these statements, the statements were cumulative to other evidence; therefore, any error was harmless pursuant to Crim.R. 52(A).
 {¶ 24} We have carefully examined the recording of the exchange between appellant and the officer who drove her to jail. The only admission we detect from this exchange was that appellant was driving before she was arrested. Since there is already police testimony as to observation of her driving, such an admission is cumulative. Consequently, its erroneous introduction would constitute harmless error. Accordingly, appellant's remaining assignment of error is not well-taken.
 {¶ 25} On consideration whereof, the judgment of the Bowling Green Municipal court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Arlene Singer, P.J. concur.