DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Bowling Green Municipal Court, which denied a motion to suppress filed by appellant, Stephanie Cowan. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} On appeal, appellant sets forth the following single assignment of error:
 {¶ 3} "The trial court erred in denying appellant's motion to suppress when the officer lacked a reasonable and articulable suspicion to justify the stop and detention of the appellant in violation of the Fourth and Fourteenth Amendments and Article I, Section 14 of the Ohio Constitution."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On June 18, 2005, Bowling Green State University Corporal Sauer was engaged in routine patrol of the university grounds while working the night shift. At 4:30 a.m., Corporal Sauer observed a motor vehicle enter an empty university parking lot reserved solely for daytime parking for commuter students. Overnight parking in the lot is prohibited. The lot is adjacent to the university technology building which is closed and does not conduct any business during night hours. Once inside the lot, Corporal Sauer next observed the vehicle travel towards the dead-end portion of the parking lot.
 {¶ 5} These observations raised Corporal Sauer's suspicions. Corporal Sauer believed there was no legitimate reason for anyone to be in that location at that time of night. Based upon his observations and prior experience, Corporal Sauer determined there was a sufficient indication of criminal activity so as to warrant his intervention.
 {¶ 6} Corporal Sauer drove into the parking lot and initially attempted to informally approach appellant to ascertain her purpose in being in that parking lot at that time of night. Corporal Sauer gestured to appellant to stop as his vehicle passed hers in the parking lot. Appellant failed to stop. At this juncture, Corporal Sauer activated his emergency overhead lights and formally stopped appellant's vehicle. Following the stop, Corporal Sauer determined that appellant had been operating a motor vehicle under the influence of alcohol. Appellant was issued a citation.
 {¶ 7} On June 20, 2005, appellant was arraigned in Bowling Green Municipal Court. On July 18, 2005, a pretrial conference was conducted. A motion to suppress hearing was conducted on August 29, 2005. On August 30, 2005, the trial court denied appellant's motion to suppress. On October 7, 2005, appellant entered a plea of no contest and was sentenced in a judgment entry journalized on October 18, 2005. On November 15, 2005, appellant filed a timely notice of appeal.
 {¶ 8} In her sole assignment of error, appellant argues appellee failed to establish "reasonable articulable suspicion" of unlawful activity to justify a Terry investigative stop. In support, appellant argues that Corporal Sauer did not actually observe her engaged in criminal activity. Appellant contends that there were no specific and articulable facts from which the requisite reasonable and articulable suspicion could have been formed to enable a valid Terry stop.
 {¶ 9} To justify an investigatory stop, law enforcement officials must demonstrate "reasonable articulable suspicion" of unlawful activity. This is a lesser evidentiary burden to satisfy in comparison with a probable cause determination. The Supreme Court of Ohio has consistently held that, "reasonable suspicion means the officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion or stop."State v. Bobo (1988), 37 Ohio St.3d 177. Facts are judged pursuant to an objective standard. The relevant test is whether those facts available to the officer, at the time of the search, would warrant a reasonable man in the belief that the action taken was appropriate. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868.
 {¶ 10} The Ohio Supreme Court has determined that appellate review of a motion to suppress comprises a mixed question of law and fact. An appellate court must not reject the trial court's factual findings if they are supported by competent, credible evidence. If so supported, the appellate court then independently determines whether these facts satisfy the proper legal standard.State v. Boyd, 6th Dist. No. L-04-1173, 2005-Ohio-3044, at ¶ 10. An investigatory traffic stop may only be legitimately effectuated when there is a reasonable and articulable suspicion of criminal activity. State v. Swanson, 6th Dist. No. WD-05-065, 2006-Ohio-4798, at ¶ 15.
 {¶ 11} Following the suppression hearing, the trial court held that the officer possessed reasonable suspicion. The parking lot entered by appellant in the middle of the night prohibited overnight parking. The university building immediately adjacent to the parking lot was closed and conducts no business during the night. The portion of the parking lot where appellant was heading led to a dead-end. In denying appellant's motion to suppress, the trial court held in pertinent part:
 {¶ 12} "This court finds that Corporal Sauer had reasonable articulable suspicion to stop the defendant's vehicle based upon the totality of the circumstances that morning. Sauer observed a vehicle driving suspiciously. The vehicle went around and behind a closed isolate and deserted university building into a dead end loading area at 4:30 a.m."
 {¶ 13} The propriety of an investigative stop is examined pursuant to a totality of the circumstances standard. State v.Bobo (1988), 37 Ohio St.3d 177. In this case, the officer observed a vehicle traveling towards a dead-end in a daytime commuter lot adjacent to a closed university building at 4:30 a.m. Under the totality of these circumstances, an inference that criminal activity may be afoot was reasonable.
 {¶ 14} This court finds the investigating officer possessed the requisite "reasonable articulable suspicion" to stop appellant. The trial court did not err in denying appellant's motion to suppress. Appellant's sole assignment of error is found not well-taken.
 {¶ 15} The judgment of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Pietrykowski, J., Singer, P.J., Concur.