The STATE of Ohio, Appellee,

v.

HAGEMAN, Appellant.

[Cite as *State v. Hageman*, 180 Ohio App.3d 640, 2009-Ohio-169.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–08–014.

Decided Jan. 16, 2009.

Rhonda L. Fisher, Bryan Municipal Prosecuting Attorney, for appellee.

Peter R. Seibel, for appellant.

PIETRYKOWSKI, Judge.

{¶ 1} Defendant-appellant, Jack R. Hageman, appeals the June 9, 2008 judgment of the Bryan Municipal Court, which, following its denial of appellant's motion to suppress, found appellant guilty of driving under suspension, in

violation of Bryan Municipal Ordinance 335.07. Because we find that the officer lacked a reasonable and articulable suspicion to initiate the traffic stop, we reverse.

{¶ 2} The following facts are relevant to this appeal. On October 28, 2007, at approximately 1:20 a.m., appellant was operating his motor vehicle westbound on the 1300 block of West High Street in Bryan, Williams County, Ohio, when he was stopped by Bryan Police Officer Jeremy Viers for a minor traffic violation. Appellant was ultimately charged with felony OVI and driving under suspension. Appellant entered not-guilty pleas to the charges. (The felony OVI charge was bound over to the Williams County Court of Common Pleas.)

{¶ 3} On January 11, 2008, appellant filed a motion to suppress all the evidence based on the argument that appellant had committed no traffic offense that would justify the original stop and detention. On March 11, 2008, a hearing on the motion was held, and the following evidence was presented.

{¶ 4} Bryan Police Officer Jeremy Viers testified that in the early morning of October 28, 2007, he observed appellant pull westbound onto High Street, a four-lane highway, in Bryan, Ohio. Officer Viers testified that he observed appellant pull left into the outside, rather than the inside, lane. Viers further stated that he did not observe appellant use his turn signal. Officer Viers testified that he was not sure whether appellant had pulled onto High Street from John Street or directly from the bowling alley parking lot. Finally, Officer Viers testified that the basis for the traffic stop "[w]as the improper turn."

{¶ 5} On April 11, 2008, the trial court denied appellant's motion to suppress. The court found that the officer had a reasonable and articulable suspicion to stop appellant's vehicle based on Bryan Municipal Ordinance 331.10, which requires an "individual to turn into the closest lane to the center line when turning from an intersection when crossing lanes of travel." The court further found that appellant's failure to use his turn signal turning onto West High Street supported the traffic stop.

{¶ 6} On June 9, 2008, appellant withdrew his not-guilty plea and entered a plea of no contest. Appellant was fined $850 and sentenced to 180 days in jail. The jail sentence was stayed pending this appeal.

{¶ 7} Appellant now raises the following assignment of error for our consideration:

{¶ 8} "The Bryan Municipal Court erred in: 1) Its application of, and 2) interpretation of Bryan Municipal Ordinance 333.10 and ORC 4511.36. Specifically, the court erred by applying that code section (which applies to only 'intersections') when the testifying officer acknowledged that he did not know if the appellant entered the roadway from a private drive or an intersection.

Additionally, assuming arguendo, the ordinance/statute did apply to a non-intersection entry of a public roadway, the court further erred when it misapplied the law and found that the code requires a left turn on a four lane highway to be made into the center section and then a signal made before changing lanes to the curb lane. The code does not prohibit a person turning left from entering a curb lane so long as he yields to traffic which is turning right and the code/ordinance also does not apply to non-intersections."

{¶ 9} Appellant's sole assignment of error contains two arguments. First, appellant asserts that Bryan Municipal Ordinance 331.10, and its mirror, R.C. 4511.36, do not apply to a private driveway because it is not an intersection. Alternatively, appellant argues that the correct interpretation of the sections requires only that when turning left, a driver does not go left of center. Conversely, the state argues that even if the statute is inapplicable, the court properly found that the officer has reasonable cause to stop appellant based on his failure to signal. Further, the state asserts that at the time of the stop, the officer had a good-faith belief that appellant violated the rules for a left turn.

{¶ 10} Appellant's assignment of error relates to the trial court's denial of his motion to suppress. When considering a motion to suppress, a trial court is in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726. An appellate court must independently determine, without deference to the trial court's conclusions, whether, as a matter of law, the facts meet the applicable standard. *State v. Klein* (1991), 73 Ohio App.3d 486, 488, 597 N.E.2d 1141.

{¶ 11} We note that an investigatory traffic stop may be legitimately effectuated only when there is a reasonable and articulable suspicion of criminal activity. *State v. Swanson*, 6th Dist. No. WD–05–065, 2006-Ohio-4798, 2006 WL 2640230, ¶ 15. The trial court found that the officer had a reasonable and articulable suspicion that appellant violated Bryan Municipal Ordinance 331.10 and R.C. 4511.36. Bryan Municipal Ordinance 331.10 provides:

{¶ 12} "(a) The driver of a vehicle intending to turn at an intersection shall be governed by the following rules:

{¶ 13} " * * *.

{¶ 14} "(2) At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center

line thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered. Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection."

{¶ 15} Appellant argues that because the officer was uncertain as to whether appellant pulled onto High Street from John Street or from the bowling alley parking lot, he could not have had a reasonable suspicion that a traffic violation had occurred. Specifically, if appellant had pulled out from the bowling alley lot, it was not an "intersection" as set forth in the statute. In support, appellant relies on *State v. Young*, 3d Dist. No. 13-03-52, 2004-Ohio-540, 2004 WL 231506. In *Young*, the appellate court reversed the denial of a suppression motion, finding, among other things, that because the defendant made a turn from a private driveway, the statute addressing turns at intersections was inapplicable. Id. at ¶ 9.

{¶ 16} In reaching its decision, the *Young* court quoted R.C. 4511.01(KK), which defines an intersection as follows:

{¶ 17} "The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

{¶ 18} In the present case, it is undisputed that Officer Viers did not know whether appellant pulled onto High Street from John Street or the bowling alley. Thus, as in *Young*, Viers did not have a reasonable and articulable suspicion that appellant violated Bryan Municipal Ordinance 331.10.

{¶ 19} The state further counters that the trial court properly found that Officer Viers had an additional basis to stop appellant: appellant's failure to signal his left turn. During the suppression hearing, Officer Viers testified that the basis for the stop was the improper turn. Immediately prior to this statement, Viers was discussing the manner of appellant's turn; that appellant, instead of turning into the lane closest to the center line, turned directly into the curb lane. Further, during cross-examination, the following exchange occurred:

{¶ 20} "[APPELLANT'S ATTORNEY]: And so what you're saying is it wasn't a, it was a lane violation not a turn signal violation. It was because he pulled into the wrong lane, per se, by pulling into the curb lane.

{¶ 21} "PTL. VIERS: Correct."

{¶ 22} Based on the foregoing, we conclude that the trial court's finding that the signal violation was an additional basis for the stop was not supported by the evidence presented at the hearing. Accordingly, because we find that the officer lacked a reasonable and articulable suspicion of criminal activity to effectuate the traffic stop, appellant's assignment of error is well taken.

{¶ 23} On consideration whereof, we find that appellant was prejudiced and prevented from having a fair proceeding. The judgment of the Bryan Municipal Court is reversed, and the matter is remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.

Judgment reversed.

Skow, P.J., and Handwork, J., concur.