[Cite as *Oregon v. Kemp*, 2015-Ohio-4410.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Oregon                        Court of Appeals No. L-15-1053

    Appellee                                        Trial Court No. 14TRC00653-0103

v.

Randy A. Kemp                                       **DECISION AND JUDGMENT**

    Appellant                                       Decided:  October 23, 2015

* * * * *

Melissa Purpura, City of Oregon Prosecutor, for appellee.

Peter J. Wagner, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Randy Kemp, appeals the February 13, 2015 judgment of the Oregon Municipal Court which, following his plea of no contest to driving under the influence of alcohol or drugs ("OVI"), found appellant guilty, suspended his license and imposed various fines.  Because we find that the officer had probable cause to arrest appellant for OVI, we affirm.

{¶ 2} Appellant was charged with OVI following a traffic stop on May 1, 2014, in Oregon, Lucas County, Ohio. On May 29, 2014, appellant filed a motion to suppress any evidence derived from the field sobriety tests, any chemical tests, and any statements made by appellant. In the motion, appellant argued that the officer lacked probable cause to arrest him.

{¶ 3} At the October 15, 2014 suppression hearing, the following relevant evidence was presented. On May 1, 2014, at approximately 12:45 a.m., Oregon police officer, Michael Worden, testified that he, with radar verification, observed appellant driving 58 m.p.h. in a 40 m.p.h. zone on Navarre Avenue in Oregon, Lucas County, Ohio. Worden activated his overhead lights in the police cruiser and pulled appellant over.

{¶ 4} Officer Worden testified that when he approached the vehicle, he observed through the open driver's window that appellant had a flushed face and glassy, bloodshot eyes. The officer stated that appellant had slurred speech and a mild odor of alcohol emanating from his breath. Appellant stated that he had been bowling and admitted to having two to three beers. At that point, the officer had appellant exit his vehicle in order to administer field sobriety tests. The officer detailed his experience and training regarding OVI stops and field sobriety testing.

{¶ 5} The officer testified that he first administered the horizontal gaze nystagmus ("HGN") test. The test looks for unequal tracking or involuntary jerking of the eye which is an indicator of alcohol impairment. Officer Worden stated that appellant observed four clues that would demonstrate that appellant was impaired; four clues is the threshold to

2.

evidence impairment. The officer noted that appellant's statement that he had cataracts would not have impacted the HGN test.

{¶ 6} Officer Worden testified that he next administered the walk-and-turn test. When asked, appellant informed the officer that he had two back surgeries but that it would not prevent him from walking in a straight line. Worden stated that appellant was not able to walk heel-to-toe as he had demonstrated. Officer Worden stated that he observed three indicators of impairment. Officer Worden did acknowledge that it was very windy that night.

{¶ 7} Finally, Officer Worden demonstrated the one-leg stand test. Appellant determined that due to the wind, his age, and that he had had a few beers he was not going to attempt the test. At that point and based on the totality of the circumstances, Officer Worden believed that appellant was under the influence of alcohol or drugs. Officer Worden stated that he specifically considered appellant's speed, his slurred speech, bloodshot and glassy eyes, unsteadiness on his feet, odor of alcohol and admission to drinking, and the time of day.

{¶ 8} Officer Worden then indicated that he had another tool to determine whether appellant was safe to drive and retrieved a portable breathalyzer unit. He indicated to appellant that if he blew under he was free to go. Appellant refused to take the portable breath test ("PBT") and was then placed under arrest. The video and audio recording of the stop was played and admitted into evidence.

3.

**{¶ 9}** Following the hearing, on October 29, 2014, the court denied the motion. Appellant then entered a no contest plea, was found guilty and sentenced. This appeal followed.

**{¶ 10}** Appellant raises the following assignment of error:

The court erred in finding probable cause to arrest the appellant for driving under the influence of alcohol and or drugs pursuant to O.R.C. § 4511.19(A)(1)(a), and subsequently finding the appellant guilty.

**{¶ 11}** When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Guysinger*, 86 Ohio App.3d 592, 594, 621 N.E.2d 726 (4th Dist.1993). An appellate court must independently determine, without deferring to a trial court's conclusions, whether, as a matter of law, the facts meet the applicable standard. *State v. Klein*, 73 Ohio App.3d 486, 488, 597 N.E.2d 1141 (4th Dist.1991).

**{¶ 12}** The United States Supreme Court has held that probable cause for a warrantless arrest is based on "whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In making this determination, a court must examine the totality of facts and circumstances surrounding the arrest. *State v. Lambrecht*, 6th Dist. Wood No.

4.

WD-04-097, 2005-Ohio-5882, ¶ 15, citing *State v. Homan,* 89 Ohio St.3d 421, 427, 732 N.E.2d 952 (2000).

{¶ 13} Regarding probable cause for an OVI arrest, this court has found on multiple occasions that factors such as a traffic violation, time of day, admission to drinking, poor performance on field sobriety tests, glassy eyes and slurred speech, and the odor of alcohol support a probable cause finding. *State v. Sadler*, 6th Dist. Wood No. WD-14-058, 2015-Ohio-2673, ¶ 9-10, citing *Lambrecht* at ¶ 16, and *State v. Swanson*, 6th Dist. Wood No. WD-05-065, 2006-Ohio-4798, ¶ 17.

{¶ 14} In the present case, Officer Worden observed appellant travelling 58 m.p.h. in a 40 m.p.h. zone at 12:45 a.m. Officer Worden testified that when he approached appellant's vehicle, he observed that appellant had a flushed face, glassy bloodshot eyes, slurred speech and a mild odor of alcohol. Appellant admitted to consuming alcohol. Further, on the HGN and the walk-and-turn tests appellant's performance indicated impairment.

{¶ 15} Appellant further asserts that the officer's request that he take a PBT was evidence that the officer did not have probable cause to arrest him for OVI. As stated by Officer Worden, the PBT was an additional tool for him to use in determining whether appellant was impaired. Officer Worden did indicate that if appellant "blew under" he would allow him to leave. However, reviewing the totality of the circumstances we must conclude that the officer had probable cause to arrest appellant for OVI following his performance on the field sobriety tests. Appellant's assignment of error is not well-taken.

5.

**{¶ 16}** On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Oregon Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

James D. Jensen, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.