[Cite as *Vermilion v. Lane*, 2018-Ohio-5284.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio/City of Vermilion                              Court of Appeals No. E-18-008

    Appellee                                                          Trial Court No. TRC 1702801

v.

Christiana Lane                                                      **DECISION AND JUDGMENT**

    Appellant                                                         Decided:  December 28, 2018

* * * * *

Wayne R. Nicol, Prosecuting Attorney, for appellee.

Ann C. Eckstein and Barry Eckstein, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This accelerated appeal is from the January 24, 2018 judgment of the

Vermilion Municipal Court which, following a no contest plea to driving while under the

influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1)(a) and

4511.19(A)(1)(d), and a marked lanes violation, R.C. 4511.33, found appellant,

Christiana Lane, guilty and sentenced her to three days in jail, a license suspension, and fines. Because we find that the trial court erred when it denied appellant's motion to suppress all evidence stemming from the unlawful stop, we reverse.

{¶ 2} The relevant facts are as follows. Following the July 16, 2017 stop of her vehicle in Vermilion, Erie County, Ohio, appellant was charged with OVI and failure to drive in marked lanes, R.C. 4511.33. Appellant entered not guilty pleas to the charges.

{¶ 3} On September 5, 2017, appellant filed a motion to suppress all evidence seized during the traffic stop including the trooper's observations of appellant, field sobriety tests, and results of all breath alcohol tests. Appellant argued that the initial stop of her vehicle was unlawful because the Ohio State Highway Patrol trooper did not have reasonable, articulable suspicion that a traffic violation had occurred. Appellant further argued that field sobriety tests were not issued in compliance with the protocol established by the National Highway Traffic Safety Administration.

{¶ 4} A hearing on the motion was held on November 7, 2017, and the sole witness was Ohio State Highway Patrol Trooper Brandon Dean. Relevant to this appeal, Trooper Dean testified that on July 16, 2017, at approximately 1:00 a.m., he initiated the traffic stop of appellant's vehicle due to the following:

> Well, she drew attention for the length of the signal she had and stopping past the stop bar, and then she should've turned right, so she made a marked lanes violation by continuing through the intersection into the next right turn-only lane, and that's why I stopped her.

2.

**{¶ 5}** Trooper Dean was cross-examined regarding the particulars of the stop. Dean testified that he was proceeding eastbound on Liberty Avenue in Vermilion, Ohio, when he observed appellant in front of his vehicle and proceeding in the same direction until she put on her right turn signal to move into the right-hand turn only lane; the road had divided from one lane to two. Trooper Dean stated that appellant turned off her turn signal and then stopped at a red light though her vehicle was past the stop bar. Trooper Dean then testified that appellant proceeded straight in the turn-only lane in violation of the marked lanes statute. Appellant then turned right at the following intersection where the two-lane road splits and motorists must either go to the left or right

**{¶ 6}** Trooper Dean was then questioned regarding the marked lanes statute; he testified that he believed appellant had violated R.C. 4511.33(A), which provides in relevant part:

(A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:

(B) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.

3.

{¶ 7} Upon further questioning, Trooper Dean admitted that appellant safely made the lane change and that appellant did not violate anything in the particular code section. Dean stressed that he stopped appellant for failing to turn in a turn-only lane. Following the hearing, the parties submitted additional briefing.

{¶ 8} On December 28, 2017, the trial court denied appellant's motion as to the validity of the initial stop. The court concluded that at the time of the stop, Trooper Dean had reasonable suspicion that appellant was in violation of R.C. 4511.33. Although the court suppressed the results of the field sobriety tests, the court concluded that the Trooper's observations as to appellant's sobriety were admissible.

{¶ 9} On January 24, 2018, appellant withdrew her not guilty plea and entered a plea of no contest to the OVI charge and the marked lanes violation. Appellant's sentence was stayed pending this appeal wherein, appellant raises the following assignment of error for our review:

> The trial court abused its discretion when it found there was legal justification for the initial traffic stop of Defendant for violating R.C. 4511.33.

{¶ 10} We initially note that appellate review of a trial court's denial of a motion to suppress presents mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62

4.

Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). An appellate court defers to a trial court's factual findings made with respect to its ruling on a motion to suppress where the findings are supported by competent, credible evidence. *Id.*; *State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). "[T]he appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997).

{¶ 11} In her sole assignment of error, appellant argues that the trial court erred in concluding that the trooper had a reasonable and articulable suspicion that she committed a traffic violation. The state counters that Trooper Dean's reasonable mistake of law justified the stop.

{¶ 12} "The Fourth Amendment guarantees 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Whren v. United States*, 517 U.S. 806, 809, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). We note that an investigatory traffic stop may only be legitimately effectuated when there is a reasonable and articulable suspicion of criminal activity. *State v. Swanson*, 6th Dist. Wood No. WD-05-065, 2006-Ohio-4798, ¶ 15. This court has previously held that mistakes of law cannot support probable cause to conduct a stop. *State v. Babcock*, 2013-Ohio-2366, 992 N.E.2d 1215 (6th Dist.).

{¶ 13} Subsequent to our decision in *Babcock*, the Supreme Court of the United States held that in addition to mistakes of fact, an objectively reasonable mistake of law

5.

may support reasonable suspicion of a violation to justify a traffic stop. *Heien v. North Carolina*, ___U.S.___, 135 S.Ct. 530, 190 L.Ed.2d 475 (2014). In *Heien*, the motorist was stopped because only one of his brake lights was working. *Id.* at 534. Ultimately the defendant-passenger was charged with attempted trafficking in cocaine. *Id.* at 535.

{¶ 14} The defendant filed a motion to suppress the evidence seized from the car which the trial court denied. On appeal, the court reversed finding that the initial stop was not valid because the relevant statute required only one working brake light. *Id.* The North Carolina Supreme Court reversed finding that the officer could have reasonably, albeit mistakenly, read the code to require that both brake lights be in good working order. *Id.*

{¶ 15} The United States Supreme Court first noted that no justification existed to differentiate between reasonable mistakes of fact, which may form the basis of a valid stop, and mistakes of law. The court stressed that such mistakes must be objectively reasonable to not allow a "Fourth Amendment advantage through a sloppy study of the laws [the officer] is duty-bound to enforce." *Id.* at 539-540.

{¶ 16} Turning to the brake-light violation at issue, the court concluded that the wording of the statute made it reasonable for the officer to conclude that a stop lamp was a type of rear lamp and that they were both required to be functional. *Id.* at 540. Thus, because it was objectively reasonable for the officer to think that the faulty brake light was in violation of a law, the stop was valid. *Id.*

6.

**{¶ 17}** The state relies on a similar case interpreting the left-hand turn statute. *State v. Stadelmann*, 1st Dist. Hamilton No. C-130138, 2013-Ohio-5035. In *Stadelmann*, the defendant executed a left-hand turn and entered the far-right instead of the far-left lane. As in *Heien,* the court concluded that the statute was ambiguous and, thus, the officer could have reasonably concluded from the wide turn that the defendant was violating a traffic law. *Id.* at ¶ 4.

**{¶ 18}** Unlike the courts' interpretation of the statutory language implicated in *Heien* and *Stadelmann*, we find that the marked lanes statute is unambiguous. As quoted above, R.C. 4511.33(A)(1) requires that a motorist as "nearly as practicable" drive within a single lane of traffic. A motorist can move from a lane of traffic after ascertaining that it can be done so safely. The scope and application of the statute has been clearly defined under Ohio case law. In *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, the Supreme Court of Ohio noted that the law was designed to keep pedestrians and motorists safe but did not give motorists the option or choice of staying within their lane. *Id.* at ¶ 19, quoting *State v. Hodge*, 147 Ohio App.3d 550, 2002-Ohio-3053, 771 N.E.2d 331, ¶ 43 (7th Dist.). The court concluded that "when an officer could reasonably conclude from a person's driving outside the marked lanes that the person is violating a traffic law, the officer is justified in stopping the vehicle." *Id.* at ¶ 20. *Accord State v. Adams*, 5th Dist. Licking No. 15 CA 6, 2015-Ohio-3786. Whether the motorist had a legal defense to the infraction had no bearing on the legitimacy of the initial stop. *Mays* at ¶ 17.

7.

{¶ 19} In the present case, it is undisputed that appellant signaled prior to changing lanes and prior to turning and that she did so safely; there were no other vehicles in the vicinity. We need not address the application of R.C 4511.33(A)(3),[1] as the trooper admitted that there was no signage to indicate restricted turn lanes. Finally, the trooper agreed that had appellant not committed a marked lanes violation, he would not have stopped her vehicle. The trooper's statement that the lane appellant proceeded straight in ended after the first intersection is belied by the photographic evidence admitted at the hearing.

{¶ 20} Based on the foregoing, we must conclude that it was not objectively reasonable for the trooper to stop appellant's vehicle for a violation of R.C. 4511.33(A)(1). Accordingly, the trial court erred in denying appellant's motion to suppress. Appellant's assignment of error is well-taken.

{¶ 21} On consideration whereof, we find that appellant was prejudiced and prevented from having a fair proceeding, the portion of the court's December 28, 2017 order finding that the officer had reasonable belief that appellant committed a traffic

---

[1] R.C. 4511.33(A)(3) provides: "Official signs may be erected directing specified traffic to use a designated lane or designating those lanes to be used by traffic moving in a particular direction regardless of the center of the roadway, or restricting the use of a particular lane to only buses during certain hours or during all hours, and drivers of vehicles and trackless trolleys shall obey the directions of such signs."

8.

violation is reversed and the matter is remanded for proceedings consistent with this decision. Pursuant to App.R. 24, the state of Ohio is ordered to pay the costs of this proceeding.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
JUDGE

Arlene Singer, J.

_____

Thomas J. Osowik, J.       JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.