**[Cite as *State v. Hall*, 2017-Ohio-2577.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No. OT-16-026

        Appellee                          Trial Court No. 15 CR 109

v.

Adrian Hall                                      **DECISION AND JUDGMENT**

        Appellant                         Decided:  April 28, 2017

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Russell V. Leffler, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Adrian Hall, appeals a judgment of the Ottawa County Court of

Common Pleas, in which the court sentenced him, following his entering of a guilty plea,

to an aggregate prison term of 12 months.  For the reasons that follow, we affirm.

**Assignment of Error**

{¶ 2} Appellant sets forth the following assignments of error:

I. THE TRIAL COURT'S DECISION THAT O.R.C. 2941.401 TIME LIMITS HAD BEEN MET IS CONTRARY TO THE LAW AND FACTS OF THIS CASE.

II. TRIAL COUNSEL WAS SO INEFFECTIVE AS TO DEPRIVE APPELLANT OF MEANINGFUL REPRESENTATION PURSUANT TO STRICKLAND V. WASHINGTON.

**Facts**

{¶ 3} On July 3, 2015, appellant was captured on surveillance video breaking into a salon and a popcorn shop. Both businesses reported he stole cash and damaged property.

{¶ 4} On September 30, 2015, appellant was indicted on two counts of breaking and entering in violation of R.C. 2911.13(A), felonies of the fifth degree; two counts of theft in violation of R.C. 2913.02(A)(1), one felony of the fifth degree and one misdemeanor of the first degree; and, one count of safecracking in violation of R.C. 2911.31(A), a felony of the fourth degree.

{¶ 5} At the time of the indictment, appellant was serving jail time for unrelated charges. On December 15, 2015, appellant prepared and sent an inmate's notice of place of imprisonment and request for disposition of indictments, information or complaints pursuant to R.C. 2941.401. The notice was received by the prosecutor and court on December 21, 2015.

2.

{¶ 6} Appellant was arraigned on January 6, 2016, and trial was set for March 8, 2016. Appellee, the state of Ohio, requested discovery on February 8, 2016, to which appellant failed to respond.

{¶ 7} On March 1, 2016, appellant moved for a continuance, and the court granted the motion and ordered the trial continued to April 26, 2016. Trial did not commence on this day due to an issue with transporting appellant.

{¶ 8} On August 8, 2016, appellant made a second request for discovery and, on August 10, moved the court to dismiss for failure to try the case in the 180-day window allowed under R.C. 2941.401. The trial court denied the motion on August 31, 2016.

{¶ 9} On September 1, 2016, appellant entered a verbal and written plea of guilty to both counts of breaking and entering in violation of R.C. 2911.13(A), felonies of the fifth degree, and one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. The remaining counts were dismissed.

{¶ 10} The court sentenced appellant to three concurrent prison terms of 12 months. The judgment was journalized September 14, 2016, and on October 21, 2016, a nunc pro tunc entry was filed reflecting the imposed sentence. Appellant timely appeals from the judgment.

### Law & Analysis

{¶ 11} In his first assigned error, appellant argues the trial court erred in determining that only 165 days had elapsed after his request for speedy trial. In the second assigned error, he asserts he was deprived of effective assistance because his

3.

counsel failed to respond to discovery requests, which he argues unfairly tolled the speedy trial time, and failed to advise him properly regarding his guilty plea.

{¶ 12} In response to the first assigned error, appellee contends the court did not err because it properly accounted for tolling events. In response to the second assigned error, appellee contends counsel committed no error from which appellant can show he suffered resulting prejudice. Because we find the issues interrelate, we address them together.

{¶ 13} In evaluating ineffective assistance of counsel claims, the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus; *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). To show prejudice, the defendant must prove "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶ 14} In this case, appellant argues his trial counsel was ineffective because she did not respond to discovery requests in a timely manner, she failed to act on an alleged violation of appellant's statutory speedy trial rights, and she could not have properly advised appellant to knowingly accept a guilty plea because the case should have been

4.

dismissed under R.C. 2941.401. These arguments assume appellant's speedy trial rights were violated, or that counsel's 20-day delay was the reason the speedy trial rights were not violated. We disagree and even if counsel erred, appellant cannot show resulting prejudice.

{¶ 15} We first note an appellant waives any objection based upon claimed denial of a statutory right to speedy trial by entering a guilty plea. *See State v. McIntosh*, 6th Dist. Erie No. E-07-048, 2008-Ohio-4743, ¶ 36, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). Moreover, upon the entry of a guilty plea, a defendant waives any appealable errors, such as a claim of ineffective assistance, "unless he or she demonstrates that the alleged errors precluded him or her from entering a knowing, voluntary plea." *See State v. Ellis*, 6th Dist. Lucas No. L-15-1296, 2016-Ohio-8086, ¶ 35, citing *State v. Kocian*, 6th Dist. Ottawa No. OT-07-018, 2008-Ohio-74.

{¶ 16} Here, we find appellant's plea was entered and accepted in accordance with law. Specifically, the court conducted a colloquy pursuant to Crim.R. 11. Appellant confirmed he was not intoxicated, threatened, or promised a certain sentence. He also confirmed he understood his constitutional rights, the consequences of his plea, and that he was satisfied with his counsel's advice.

{¶ 17} We find no merit to the claim that trial counsel's errors precluded appellant from entering a knowing, voluntary plea. Thus, there are grounds to dispose of the appeal in its entirety. *See McIntosh* at ¶ 36; *Ellis* at ¶ 35. Nonetheless, we proceed and review counsel's delay in responding to discovery requests and whether appellant's speedy trial rights were violated as a result.

5.

**{¶ 18}** A speedy trial claim involves a mixed question of law and fact. *See State v. Larkin*, Richland App. No. 2004-CA-103, 2005-Ohio-3122, ¶ 11. An appellate court must accept as true any facts found by the trial court and supported by competent, credible evidence. *Id.* With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law. *Id.*

**{¶ 19}** R.C. 2941.401 provides:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance.* * *

The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

6.

The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof. * * *

If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

*See*, *e.g.*, *State v. McIntire*, 6th Dist. Huron No. H-10-004, 2011-Ohio-1544, ¶ 11-16.

{¶ 20} "Numerous Ohio appellate districts have held that the tolling provisions of R.C. 2945.72 apply to the 180-day speedy trial time limit of R.C. 2941.401." (Citations Omitted.) *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, ¶ 30.

{¶ 21} We found R.C. 2945.72 applicable to R.C. 2941.401 in *State v. Roberts*, 6th Dist. Wood No. WD-04-028, 2004-Ohio-5509, because R.C. 2941.401 contains no language prohibiting the application of the tolling events set forth in R.C. 2945.72.

{¶ 22} R.C. 2945.72 pertinently provides:

The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

* * *

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

* * *

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

* * *

*See Roberts* at ¶ 12.

{¶ 23} In this case, the trial court explained its calculation in its August 31, 2016 judgment as follows:

- 12/15/15 (Date of Notice) – 02/09/16 (State's Disc. Request) = 56 days elapsed

- 02/09/16 (State's Disc. Request) – 03/01/16 (Defendant's Motion to Continue) = Tolled due to failure of Defendant to respond

- 03/01/16 (Continuance) – 04/26/16 (Trial Date) = Tolled due to Defendant's Continuance

- 04/27/16 (Trial Date) – 08/08/16 (Defendant's 2nd Discovery Request) = 103 days elapsed

- 08/08/16 (2nd Disc. Request) – 08/10/16 (Motion to Dismiss) = Tolled due to Defendant's Discovery Request

- 08/10/16 (Motion to Dismiss) – 08/31/16 (Final Pretrial/Decision)

= Tolled due to Defendant's Motion to Dismiss

- 09/01/16 (Decision of Dismissal) – 09/06/16 (Trial) = 6 days

elapsed

**{¶ 24}** Based on these time calculations, the trial court found that only 165 days had elapsed since appellant's notice under R.C. 2941.401. The court thus found the elapsed time was less than the allowable 180 days, and we agree to the extent that less than 180 days had elapsed.

**{¶ 25}** Specifically, appellant's written notice made under R.C. 2941.401 was received by the prosecutor and court on December 21, 2015. This is when the 180-day period began. *See* R.C. 2941.401. *Accord State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 26 (stating that the duty to bring to trial within 180 days arises "only after receipt" of the inmate's notice).

**{¶ 26}** On February 8, 2016, appellee filed a request for discovery, to which appellant failed to respond. This failure tolled the time until appellant moved for continuance. *See State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, paragraph one of the syllabus ("The failure of a criminal defendant to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D)").

**{¶ 27}** On March 1, 2016, appellant's counsel moved for continuance, and it was granted two days later. This continuance tolled the 180-day time period until April 26, 2016, the date on which trial was set to commence. *See* R.C. 2945.72(H).

9.

**{¶ 28}** Trial did not actually commence on April 26, 2016, and the record reflects no tolling event occurred until August 8, 2016, the date on which appellant, acting pro se, made a second request for discovery. This tolled the period until two days later, when appellant moved the court for dismissal under R.C. 2941.401. This second request for discovery and the motion for dismissal tolled the time period because the delay was necessitated by reason of motions instituted by appellant. *See* R.C. 2945.72(E).

**{¶ 29}** On August 31, 2016, the trial court overruled appellant's motion for dismissal. This began the speedy trial timeclock again, as there was no tolling event pending until trial was set to commence on September 6, 2016. Appellant actually entered a guilty plea and was sentenced on September 1, 2016. Therefore, we find no prejudicial error in the trial court's judgment, as our calculation reflects that at most 159 days had elapsed since appellant's notice was received.

**{¶ 30}** Furthermore, we find appellant cannot show prejudice resulted from his trial counsel's ineffectiveness when failing to respond to appellee's discovery requests. Specifically, appellant argues that counsel's failure to respond caused a "20-day deduction," which if included, he asserts, would have exceeded the 180-day period allotted. Based on our review, however, even adding the 20 days would have only amounted to 179 days, which is not in excess of 180 days. Therefore, counsel's failure to respond to the request for reciprocal discovery would not have changed the result.

**{¶ 31}** Accordingly, we find appellant's assigned errors not well-taken.

10.

## Conclusion

**{¶ 32}** The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.[1]

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.
_____
JUDGE

Arlene Singer, J.
_____

Thomas J. Osowik, J.
JUDGE
CONCUR.
_____
JUDGE

---

[1] Appellant's request for stay filed March 14, 2017 is denied as moot.