[Cite as *State v. Beal*, 2021-Ohio-3812.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 21CA3 |
| | : | |
| MICHAEL BEAL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Court of Common Pleas, Case No. 2020CR0326 |
| JUDGMENT: | AFFIRMED |
| DATE OF JUDGMENT ENTRY: | October 25, 2021 |

APPEARANCES:

For Plaintiff-Appellee:

GARY BISHOP
RICHLAND CO. PROSECUTOR
VICTORIA MUNSON
38 South Park St.
Mansfield, OH 44902

For Defendant-Appellant:

RANDALL E. FRY
10 West Newlon Place
Shelby, OH 44875

*Delaney, J.*

{¶1} Appellant Michael Beal appeals from the Sentencing Entry dated December 11, 2020 of the Richland County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} At the time of these events, Jane Doe was 16 years old and worked at a fast-food restaurant in Mansfield, Ohio. Jane alleged that for approximately a year and a half, appellant bothered her at work. Appellant came into her workplace, sometimes twice a day, and asked for her by name. Jane would go to the back of the restaurant to avoid him.

{¶3} On May 17, 2020, appellant watched Jane as they both exited the restaurant. Appellant followed Jane in his vehicle as she drove toward Ontario. Jane called her father ("Father") and he came to the scene at a Kohl's department store. Father confronted appellant, who was sitting in his vehicle outside the store. Appellant fled at high speeds and Father was unable to follow him.

{¶4} Jane and Father reported the matter to the Mansfield Police Department. An investigation determined appellant has three prior convictions of menacing by stalking. Officer Korey Kaufman of the Mansfield Police Department requested a felony arrest warrant for menacing by stalking.

{¶5} On July 23, 2020, a secret indictment was filed charging appellant with one count of menacing by stalking pursuant to R.C. 2903.211(A)(1) and R.C. 2903.211(B)(2)(a), a felony of the fourth degree.

{¶6} On August 4, 2020, the trial court journalized a Judgment Entry stating that due to limitations arising from the Covid-19 pandemic and jury trials already on the Court's

calendar, appellant's jury trial could not be scheduled within 270 days. The trial court therefore found that the earliest possible date for a jury trial was September 14, 2020, and time was therefore tolled for speedy-trial purposes pursuant to R.C. 2945.72 and the Ohio Supreme Court entry of March 27, 2020.

{¶7} On September 4, 2020, appellant filed a motion to dismiss on the basis of a violation of his right to a speedy trial. Appellee responded with a memorandum contra on September 14, 2020.

{¶8} Also on September 14, 2020, the trial court journalized an Order of Trial Continuance stating the Court had a number of jury trials scheduled on that date which were older than the instant case and appellant filed a pending motion to dismiss. Therefore, time was tolled for speedy-trial purposes pursuant to R.C. 2945.72 and the Ohio Supreme Court Entry of March 27, 2020.

{¶9} On September 15, 2020, an evidentiary hearing was held on appellant's motion to dismiss.

{¶10} On September 18, 2020, the trial court overruled appellant's motion to dismiss via judgment entry.

{¶11} On October 9, 2020, appellant filed another motion to dismiss for violation of his right to a speedy trial.

{¶12} On October 29, 2020, the trial court overruled the second motion to dismiss and noted jury trial was scheduled for November 30, 2020.

{¶13} On October 30, 2020, appellant withdrew his plea of not guilty and entered a plea of no contest.

{¶14} On December 9, 2020, appellant came before the trial court for sentencing. The trial court imposed a 5-year term of community control.

{¶15} Appellant now appeals from the judgment entries of conviction and sentence.

{¶16} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶17} "THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO DISMISS BASED UPON A VIOLATION OF THE APPELLANT'S SPEEDY TRIAL RIGHTS."

**ANALYSIS**

{¶18} In his sole assignment of error, appellant argues the trial court should have granted his motion to dismiss for violation of speedy trial time limitations. We disagree.

{¶19} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus.

{¶20} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin*, 5th Dist. Richland No. 2004–CA–103, 2005-Ohio-3122, ¶ 11. As an

appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *State v. Taylor*, 5th Dist. Richland No. 16 CA 17, 2016-Ohio-5912, 2016 WL 5118653, ¶ 43, citing *Larkin*, supra. With regard to the legal issues, however, we apply a *de novo* standard of review and thus freely review the trial court's application of the law to the facts. *Id.*

{¶21} When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against appellee. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996); *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, 2010 WL 2060900, ¶ 12.

{¶22} Appellant was charged with a felony of the fourth degree. A person charged with a felony must be brought to trial within 270 days unless the right to a speedy trial is waived. R.C. 2945.71(C)(2). Appellant did not waive time. If a person is held in jail in lieu of bond, then each day that the suspect is in custody counts as 3 days. R.C. 2945.71(E). Appellant remained incarcerated throughout the proceedings. Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred.

{¶23} A defendant establishes a prima facie case for discharge once he demonstrates that he has not been brought for trial within the time limits set forth in R.C. *State v. Ashbrook*, 5th Dist. Licking No. 06 CA 158, 2007-Ohio-4635, 2007 WL 2582869, ¶ 49, citing *State v. Butcher*, 27 Ohio St.3d 28, 30–31, 500 N.E.2d 1368 (1986).

{¶24} When an appellant has established he was tried outside speedy-trial time limits, the burden shifts to the state to show that the time limit was extended under R.C.

*Id.* at ¶ 31. If the state fails to produce evidence in rebuttal under R.C. 2945.72, then discharge pursuant to R.C. 2945.73(B) is required. *Id.* "When reviewing a speedy- trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." *State v. Riley*, 162 Ohio App.3d 730, 2005-Ohio-4337, 834 N.E.2d 887, ¶ 19 (12th Dist.).

{¶25} Pursuant to R.C. 2945.71(C)(2), appellee had 270 days to try appellant, subject to the triple-count provision of 2945.71(E) and barring any tolling events [90 days].

{¶26} Appellant was arrested on May 18, 2020. The right to a speedy trial time starts to run the day after arrest. *State v. Neal*, 5th Dist. Delaware No. 2005CAA02006, 2005-Ohio-6699, 2005 WL 3475738, ¶ 44; R.C. 2945.71. The speedy-trial time clock therefore began to run on May 19, 2020. Barring any tolling events, appellant should have been brought to trial on or before August 17, 2020 [90 days].

{¶27} Certain events toll the accumulation of speedy-trial time. Relevant to the instant case, R.C. 2945.72(E) and (H) state:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
>
> * * * *.
>
> (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
>
> * * * *.

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

\* \* \* \*.

{¶28} The parties agree time was tolled upon appellant's demand for discovery on August 4, 2020.  Time was tolled until appellee responded on August 11, 2020 [7 days, creating try-by date of August 24, 2020].

{¶29} Appellee argues that its reciprocal discovery demand also tolled time. Appellee filed a reciprocal discovery demand on August 4, 2020, and appellant responded on August 27, 2020.  In *State v. Palmer*, the Ohio Supreme Court held that "the failure of a criminal defendant to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D)." 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, paragraph one of syllabus. The Supreme Court held it was the role of the trial court to determine the date by which the defendant should have reasonably responded to a reciprocal discovery request based on the totality of the facts and circumstances of the case, including the time established for response by local rule, if applicable. *Id.* at ¶ 24. We find appellant responded to appellee's discovery demand within a reasonable time and therefore conclude appellant's discovery response does not affect the speedy-trial clock. See, *State v. Mathias*, 5th Dist. Morrow No. 2020CA0001, 2021-Ohio-423.

{¶30} Appellant's try-by date remained August 24, 2020.  The issue posed by this case, however, is whether speedy-trial time is tolled by the trial court's sua sponte continuances on August 4, 2020 and September 14, 2020, i.e. whether those are

"reasonable continuance[s] granted other than upon the accused's own motion" pursuant to R.C. 2945.72(H).

{¶31} "When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982). The Ohio Supreme Court provided guidance for the analysis of sua sponte continuances in *State v. Lee* 48 Ohio St.2d 208, 209, 357 N.E.2d 1095 (1976):

> The record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose. Mere entries by the trial court will ordinarily not suffice, except when the reasonableness of the continuance cannot be seriously questioned. Although this burden is contrary to the presumption of regularity generally accorded to trial proceedings, it appears necessary to carry out the purpose of the speedy-trial statutes.

{¶32} On August 4, 2020, prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing appellant to trial, the trial court journalized an entry setting forth its reasons for the first sua sponte continuance:

> * * * *.

> In light of the worldwide pandemic known as COVID-19 (the coronavirus), the Ohio Governor's recent restrictions on public gatherings, and the Center for Disease Control's nationwide

guidance, Attorney General Yost's Opinion 2020-002 and the Supreme Court Entry of March 27, 2020 limiting the Court's ability to preside over jury trials, it is not possible to set the trial in this matter within 270 days. The Court has multiple jury trials on every available trial date prior to the 270 date. The trials scheduled on those dates consist of cases in which the defendants have been incarcerated, arraigned prior to this matter and those which have been set multiple times.

Therefore, the Court finds that the earliest possible trial date is September 14, 2020 at 9:00 a.m., and that time is hereby tolled for speedy-trial purposes pursuant to O.R.C. 2945.72 and the Supreme Court Entry of March 27, 2020.

Judgment Entry, August 4, 2020.

{¶33} The trial court's schedule reflected the impact of the Covid-19 pandemic. On March 27, 2020, the Ohio legislature tolled all statutory time limitations in criminal cases set to expire between March 9, 2020 and July 30, 2020. *See* 2020 Am. Sub. H.B. 197, Section 22(A)(3),(10),(B),(C) (tolling retroactive to March 9, 2020, which shall last until the sooner of July 30, 2020 or the expiration of the declaration of emergency in the Executive Order 2020-01D). The emergency declared by the governor lasted longer than the longest end date in the act, thus the expiration date for tolling under the emergency act was July 30, 2020. The emergency act was enacted as "an emergency measure necessary for the immediate preservation of the public peace, health, and safety" to

"respond to the declared pandemic and global health emergency related to COVID-19." *Id.* at Section 40. *See also* Ohio Constitution, Article II, Section 1d.

{¶34} The Ohio Supreme Court has addressed the reasonableness of continuing cases due to the pandemic:

> And as all Ohio judges have been advised, trial judges have the authority to continue trials for defendants on a case-by-case basis without violating speedy-trial requirements. The Ohio Attorney General has opined that courts may suspend jury trials to prevent the spread of the coronavirus and they may do so consistent with state and federal speedy-trial obligations. 2020 Ohio Atty. Gen. Ops. No. 2020-002. Specifically, R.C. 2945.72(H) provides that speedy-trial time may be extended by "the period of any reasonable continuance granted other than upon the accused's own motion"; continuing a trial because of a pandemic state of emergency is "reasonable."
>
> *In re Disqualification of Fleegle*, 161 Ohio St.3d 1263, 2020-Ohio-5636, 163 N.E.3d 609. ¶ 7.

{¶35} Appellant points out that both continuances occurred after the expiration of the tolling deadline of July 30, 2020. However, even after the tolling period ended, "trial judges have the authority to continue trials for defendants on a case-by-case basis without violating speedy-trial requirements * * * courts may suspend jury trials to prevent the spread of the coronavirus and they may do so consistent with state and federal speedy-trial obligations." *Morant*, supra, 2021-Ohio-3160 at ¶ 27, citing *Fleegle*, supra,

161 Ohio St.3d 1263 at ¶ 7; 2020 Ohio Atty.Gen.Ops. No. 2020-002; Ohio Supreme Court Coronavirus Resources.

{¶36} On September 14, 2020, the date of the jury trial, the trial court journalized the following Order of Trial Continuance:

* * * *.

The Court had multiple jury trials scheduled to begin on September 14, 2020, consisting of cases in which the defendants were arraigned prior to this matter, are or have been incarcerated longer and/or those which have been set more times than the defendant's case. Specifically, the case of *State of Ohio v. Samuel Davis, Case No. 20 CR 48* and *State of Ohio v. Edward Locke, Case No. 20 CR 275* had priority over [appellant's] case. However, in Mr. Locke's case Assistant Prosecuting Attorney Olivia Boyer and defense counsel R. Joshua Brown, approached the Court at approximately 2:30 p.m. on Friday, September 11, 2020 asking for a pretrial wherein they requested a continuance of Mr. Locke's case. Having found good cause shown, Mr. Locke's case was continued. Furthermore in Defendant Davis' case, Defendant's Counsel James J. Mayer, III requested a pretrial the morning of September 11th wherein he indicated that his client wished to enter a plea the afternoon of Friday, September 11, 2020. Defendant Davis' admission hearing began at 3:30 p.m. on Friday, September 11, 2020 and did not conclude until 3:45 p.m.

Finally, [appellant] filed a Motion to Dismiss, by and through his counsel, Sean Boone on September 4, 2020 that due to the Court's crowded docket the Court was unable to schedule before Monday, September 14, 2020.

Therefore, due to the lateness of the resolution of the cases with priority over [appellant's] case and the pending Motion to Dismiss, the Court determined that as a matter of fairness and to best serve justice this case should be bumped. Finally, the Court finds that time is hereby tolled for speedy-trial purposes pursuant to O.R.C. 2945.72 and the Supreme Court Entry of March 27, 2020 to the first available trial date will be issued under separate order. (*sic)*

\* \* \* \*.

{¶37} A continuance based on a crowded docket may be a reasonable continuance within the meaning of R.C. 2945.72(H). *State v. Young*, 5th Dist. Stark No. 2020CA00155, 2021-Ohio-1999, ¶ 19, citing *State v. Lee,* 48 Ohio St.2d 208, 210, 357 N.E.2d 1095 (1976); *State v. Davis,* 5th Dist. Richland No. 2019 CA 0112, 2020-Ohio-3617, ¶ 28.

{¶38} We find the trial court set forth detailed reasons for the continuances due to its crowded docket and the unavailability of a courtroom based on the challenges facing the judicial system in coping with the ongoing global pandemic. *Young*, supra, 5th Dist. Stark No. 2020CA00155, 2021-Ohio-1999, ¶ 22; see also, *State v. Jones*, 8th Dist. Cuyahoga No. 110081, 2021-Ohio-3359, ¶¶ 11-12 [Ohio Attorney General opined courts may suspend jury trials to prevent spread of coronavirus consistent with state and federal

speedy-trial obligations, and Ohio Supreme Court held trial judges have authority to continue trials on case-by-case basis without violating speedy-trial requirements; continuing trial because of pandemic state of emergency is reasonable under R.C. 2945.72(H)]; *State v. Morant*, 7th Dist. Belmont No. 20 BE 0020, 2021-Ohio-3160, ¶ 25 [sua sponte continuance reasonable under the circumstances of the Covid-19 pandemic]. We find the record establishes the reasonableness of the continuance. *Id.*

{¶39} We find the judgment entries sufficiently detailed and the length of the extensions to be facially reasonable after reviewing the facts in the record. We find that the continuances tolled the speedy trial time because the continuances were reasonable in both purpose and length. *State v. Davis*, 5th Dist. Richland No. 2019 CA 0112, 2020-Ohio-3617, ¶ 28, citing *State v. Martin,* 56 Ohio St.2d 289, 293, 384 N.E.2d 239 (1978), internal citation omitted.

{¶40} Appellant's speedy-trial rights were not violated and his sole assignment of error is overruled.

**CONCLUSION**

{¶41} Appellant's sole assignment of error is overruled and the judgment of the

Richland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.