[Cite as *State v. Holz*, 2023-Ohio-4005.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                               Court of Appeals No.  E-23-010

    Appellee                                           Trial Court No.  2019 CR 0146

v.

Henry Holz II                                          **DECISION AND JUDGMENT**

    Appellant                    `              Decided:  November 3, 2023

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Henry Holz II, appeals from the January 31, 2023 judgment of the Erie County Court of Common Pleas convicting him of assault on a peace officer and operating a vehicle while under the influence of alcohol.  Because Holz's no contest plea was accepted within the 270-day speedy-trial limitation and the officer had reasonable suspicion of a traffic violation to stop Holz's vehicle, the trial court's judgment is affirmed.

## I. Facts and Procedural Background

{¶ 2} On March 31, 2019, at approximately 2:40 a.m., an Ohio State Highway Patrol officer effectuated traffic stop of Holz's vehicle for continuing straight from a marked left-turn only lane. After approaching the vehicle, Trooper Adrienne Ward smelled an odor or alcohol emanating from the vehicle and noted that Holz was slurring his speech and fumbling for his identification, which he could not produce. She observed a beer can on the passenger floorboard. Ward had Holz exit the vehicle; he resisted her commands and a scuffle ensued. Holz was arrested.

{¶ 3} On June 12, 2019, the Erie County Grand Jury indicted Holz on one count each of assault on a peace officer, R.C. 2903.13(A) and (C)(5), a fourth-degree felony, resisting arrest, in violation of R.C. 2921.33, an unspecified offense, OVI in violation of R.C. 4511.19(A)(1)(b) and 4511.19(G)(1)(a), a misdemeanor of the first degree, and OVI in violation of R.C. 4511.19(A)(1)(b) and 4511.19(G)(1)(a), with a prior OVI conviction within the past ten years.

{¶ 4} After obtaining counsel, on June 28, 2019, Holz pleaded not guilty to the charges. On July 30, 2019, Holz moved for a pretrial continuance and executed a speedy trial waiver. On September 6, 2019, the state filed a demand for discovery and a response to Holz's discovery request. An identical demand was filed by the state on October 19, 2020, and again on November 4, 2021. On September 12, 2019, Holz filed a motion for a continuance. An additional continuance was requested on November 19, 2019. The motion contained re-executed speedy trial waivers.

2.

{¶ 5} On January 16, 2020, Holz filed a motion to dismiss arguing that the stop of his vehicle was unconstitutional.  The state filed its response on March 25, 2020.

{¶ 6} On August 7, 2020, Holz's counsel filed a motion to withdraw as counsel citing health concerns and indicating that Holz had no objection to his withdrawal.  The motion was granted the next day.

{¶ 7} On February 19, 2021, Holz filed an amended motion to dismiss and motion to suppress evidence raising arguments similar to those initially raised and adding arguments relating to his arrest.

{¶ 8} On April 14, 2021, Holz's bond was revoked; he was arrested on April 22.

{¶ 9} On June 22, 2021, the suppression hearing was held.  Arresting officer, Trooper Adrienne Ward testified and the dash cam video of the incident was played and admitted into evidence.  On July 7, 2021, the trial court denied Holz's motion to dismiss.

{¶ 10} On July 12, 2021, Holz filed a notice "unwaiving speedy trial time."  On the same day, Holz's counsel filed a motion to withdraw as counsel citing Holz's desire to be appointed a public defender.  The motion was granted on July 30, 2021.

{¶ 11} Holz's bond was reinstated on September 8, 2021; on November 3, 2021, bond was again revoked for failure to comply with bond conditions.

{¶ 12} On October 29, 2021, Holz filed a motion to dismiss on speedy trial grounds; the motion requested oral argument.  The state opposed the motion.

{¶ 13} On November 24, 2021, Holz moved for the trial judge's recusal citing a business relationship between the judge and Holz's stepfather.  The state took no position

3.

on the motion.  On February 18, 2022, the trial court granted the motion.  On April 27, 2022, the Supreme Court of Ohio assigned a retired judge to oversee the proceedings.

{¶ 14} On October 27, 2022, Holz entered no contest pleas to assault and OVI with a prior conviction.  He was sentenced to one year in prison for assault and 60 days in jail for his OVI conviction, with 10 days mandatory.  The jail terms were ordered to be served concurrently and Holz was given 224 days of jail credit.  This appeal followed.

## II. Assignments of Error

{¶ 15} Holz raises the following three assignments of error on appeal:

I. The trial court erred by failing to rule on appellant's motion to dismiss on grounds of a speedy trial violation.

II. The trial court abused its discretion and erred to the prejudice of appellant by denying his motion to suppress evidence.

III. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution.

## III. Analysis

## A. Speedy Trial

{¶ 16} Holz's first assignment of error argues that the trial court erred by failing to rule on and grant his motion to dismiss on speedy trial grounds.  Holz contends that on October 29, 2021, the date he filed the motion, 302 days of speedy trial time had elapsed.  The state counters that factoring all the tolling events, only 140 days are chargeable to the

4.

state.  Holz's third assignment of error alternatively argues that counsel was ineffective by failing to bring the motion to the court's attention. The two arguments are related and will be addressed jointly.

{¶ 17} Ohio courts have consistently held that where a trial court fails to rule on a pretrial motion, it is presumed to have been denied.  *State v. El-Amin*, 6th Dist. Lucas No. L-21-1175, 2022-Ohio-2905, ¶ 8, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223, 631 N.E.2d 150 (1994); *State v. Barnhart*, 6th Dist. Erie No. E-18-046, 2019-Ohio-5002, ¶ 11, fn. 1.  Thus, in this case, it is presumed that the trial court denied Holz's motion to dismiss.

{¶ 18} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.  *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989).  R.C. 2945.71 *et seq.*, was enacted to enforce these constitutional rights and places limitations on the time in which an accused must be brought to trial.  *Id.*  The greatest level of offense for which the defendant is charged determines the time by which he must be brought to trial when he is charged with multiple offenses.  R.C. 2945.71(D). Further, each day an accused is held in jail in lieu of bail on the pending charges is counted as three days for purposes of computing the time limit.  R.C. 2945.71(E).  Once the accused has demonstrated that the speedy trial time period has expired, he has established a prima facie case for dismissal. *State v. Hohenberger*, 189 Ohio App.3d 346, 2010-Ohio-4053, 938 N.E.2d 419, ¶ 35 (6th Dist.).  The burden then shifts to the state to demonstrate that sufficient time was tolled or

5.

extended pursuant to R.C. 2945.72. *Id.* In calculating the speedy trial time, and considering the possible extensions of that time, the provisions of R.C. 2945.72 are to be strictly construed against the state. *Id.*

{¶ 19} In this case, the highest level of offense for which Holz was charged was assault on a peace officer, R.C. 2903.13(A) and (C)(5), a fourth-degree felony. Pursuant to R.C. 2945.71(C)(2), a person charged with a felony must be brought to trial within 270 days of his arrest. Holz was arrested on March 31, 2019; Holz entered his no contest pleas on October 26, 2022. Thus, 1304 days passed between the time of Holz's arrest and the date of his pleas. The court must now examine the potential tolling events.

{¶ 20} The time by which an accused must be brought to trial, may be tolled under the circumstances listed in R.C. 2945.72, including:

> (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon the accused's request as required by law;
>
> (D) Any period of delay occasioned by the neglect or improper act of the accused;
>
> (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
>
> * * *

6.

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

## 1. Arrest, Arraignment, and Indictment

{¶ 21} Holz was arrested on March 31, 2019. The day of arrest does not count toward the computation of the time by which an accused must be brought to trial. *Hohenberger* at ¶ 36. Holz's arraignment was continued until April 4, so he could obtain counsel. This time was tolled under R.C. 2945.72(C).

{¶ 22} On April 4, 2019, Holz pleaded not guilty, which triggered the speedy trial clock. On April 12, the case was bound over to the Erie County Grand Jury. Four days later, Holz was released on bond. The Grand Jury returned an indictment on June 12, 2019. Throughout this period, 36 days were charged to the state.

## 2. Speedy Trial Waiver

{¶ 23} On July 30, 2019, Holz filed a motion to continue the pretrial and he executed a speedy trial waiver. Up to that day, 105 days were chargeable to the state for a total of 141 speedy trial days. Holz concedes that his speedy trial time was tolled for the remainder of 2019, and all of 2020. Holz was arrested in April 2021, after his bond was revoked. On July 12, 2021, Holz withdrew his speedy trial time waiver.

## 3. Discovery

{¶ 24} At this point, Holz's and the state's calculations of the relevant tolling events diverge. The state contends that its September 6, 2019 unanswered discovery

7.

request tolled the speedy trial time through Holz's plea hearing. The state relies on *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, which held that "[t]he failure of a criminal defendant to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of the speedy-trial time pursuant to R.C. 2945.72(D)." *Id.* at paragraph one of the syllabus.

{¶ 25} Considering *Palmer's* "reasonable time" standard, several courts have concluded that 30 days is a reasonable time to respond to a discovery request and that the speedy trial clock was tolled beginning on the 31st day. *See State v. Hall*, 6th Dist. Ottawa No. OT-16-026, 2017-Ohio-2577, ¶ 26; *State v. Runner*, 2022-Ohio-4756, 204 N.E.3d 162, ¶ 41 (7th Dist.); *State v. Beal*, 2021-Ohio-3812, 179 N.E.3d 754, ¶ 29 (5th Dist.); *State v. Sanders*, 8th Dist. Cuyahoga No. 107253, 2019-Ohio-1524, ¶ 23-24.

{¶ 26} Here, Holz never filed a discovery response thus, under *Palmer*, the speedy trial time was tolled beginning on the 31st day, or October 7, 2019. On that date, Holz's speedy-trial time was already being tolled pursuant to his waiver executed on July 30, 2019. Because the failure to respond to discovery tolled the speedy trial clock, the time charged to the state at the time Holz entered his no contest pleas, totaled 141 days and his right to a speedy trial was not violated.

### 4. Additional Tolling Events

{¶ 27} While Holz's failure to comply with the discovery requests tolled the speedy trial time, we further note the following significant tolling events: Holz's waiver of his speedy trial rights from July 2019 through July 2021; Holz's discovery requests (a

8.

defendant's discovery demand tolls the speedy-trial time, *State v. Beavogui*, 6th Dist. Wood No. WD- 17-009, 2018-Ohio-2432, ¶ 29) several continuances requested by Holz (a defendant's request for a continuance of a pretrial tolls the speedy trial period, *State v. Grissom*, 6th Dist. Erie No. E-08-008, 2009-Ohio-2603, ¶ 15), reasonable continuances requested by the state and trial court (*Beavogui* at ¶ 29); Holz's motions to dismiss and to suppress (a defendant's motion to dismiss and suppress evidence tolls the speedy trial time, *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 25), two defense counsel changes (speedy trial time tolled by accused's lack of counsel, *State v. Syph*, 6th Dist. Lucas No. L-20-1018, 2021-Ohio-3504, ¶ 30), and Holz's request and the recusal of the trial judge resulting in a near six-month delay for the Supreme Court of Ohio to assign a new judge (an accused's request for the disqualification of the trial judge tolls the speedy trial time, *State v. Galluzzo*, 2d Dist. Champaign No. 2004 CA 25, 2006-Ohio-309, ¶ 30).

## 5. Ineffective Assistance of Counsel

{¶ 28} Turning to Holz's third assignment of error, in order to demonstrate ineffective assistance of counsel, a defendant must prove two elements: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Proof of prejudice requires a

9.

showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶ 29} Based on our disposition of Holz's first assignment of error, counsel was not ineffective in failing to pursue a ruling on Holz's motion to dismiss based on speedy trial grounds.

{¶ 30} Holz's first and third assignments of error are not well-taken.

### B. Suppression of Evidence

{¶ 31} Holz's second assignment of error asserts error in the trial court's denial of his motion to suppress because no evidence was presented that his lane change was completed unsafely. Appellate review of a motion to suppress, presents mixed questions of law and fact. *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 7, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

> When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to

10.

the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.)  *Burnside* at ¶ 8.

{¶ 32} Holz argues that the officer stopped him without reasonable suspicion of a traffic violation.  He contends that there was no evidence that the lane change was made in an unsafe manner.  The state contends that Trooper Ward's observation of Holz in the left-turn only lane, with his turn indicator on, proceed straight through the intersection was a traffic violation and supported the stop.

{¶ 33} "The United States Supreme Court has stated that a traffic stop is constitutionally valid if an officer has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 7, citing *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979).  "Therefore, if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *Id.* at ¶ 8.

{¶ 34} Ward stopped Holz for a violation of R.C. 4511.33(A)(3), which provides:

Official signs may be erected directing specified traffic to use a designated lane or designating those lanes to be used by traffic moving in a particular direction regardless of the center of the roadway, or restricting the use of a particular lane to only buses during certain hours or during all

11.

hours, and drivers of vehicles and trackless trolleys shall obey the directions of such signs.

{¶ 35} Holz argues that under R.C. 4511.33(A), there was no citable traffic violation because he safely proceeded straight through the intersection. Supporting the argument, Holz relies on *State v. Lane*, 6th Dist. Erie No. E-18-008, 2018-Ohio-5284, where we held that the driver's act of proceeding straight through a turn lane was not a violation of R.C. 4511.33(A)(1),[1] as there was neither signage indicating a restricted turn lane nor evidence that the lane the driver was travelling in ended at the intersection. *Id.* at ¶ 19. We specifically noted that R.C. 4511.33(A)(3) was not applicable without signage indicating a restricted turn lane. *Id.*

{¶ 36} *Lane* is neither controlling nor persuasive under the present facts. During the June 22, 2021 suppression hearing, Trooper Ward testified that she observed Holz stopped at a red light in the clearly marked left-turn only lane. When the light changed, he proceeded to drive straight through instead of effectuating a left-hand turn. The left-turn only lane ended at the intersection. The dash cam video played during the hearing and admitted into evidence was consistent with Trooper Ward's testimony.

{¶ 37} Reviewing the arguments of the parties and Trooper Ward's testimony, Ward had a reasonable suspicion that Holz violated R.C. 4511.33(A)(3) upon observing

---

[1]R.C. 4511.33(A)(1) provides: "A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."

12.

him drive straight through a marked turn-only lane.  Thus, Trooper Ward was legally justified in effectuating the initial stop of Holz's vehicle and the trial court did not err in denying the motion to suppress.  Holz's second assignment of error is not well-taken.

## IV. Conclusion

{¶ 38} Upon due consideration, the January 31, 2023 judgment of the Erie County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, Holz is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.          \
                                _____
                                            JUDGE
Myron C. Duhart, P.J.          \

Charles E. Sulek, J.           \
CONCUR.                                     JUDGE

                                _____
                                            JUDGE

                                _____
                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

14.