[Cite as *State v. Jama*, 2024-Ohio-2657.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.  WD-23-057

        Appellee                                Trial Court No.  2022CR0070

v.

Suleiman Abdullah Jama                          **DECISION AND JUDGMENT**

        Appellant                               Decided:  July 12, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, State of Ohio, appeals the judgment of the Wood County Court of

Common Pleas dismissing this case for violation of appellee Suleiman Abdullah Jama's

statutory right to a speedy trial. For the following reasons, the trial court's judgment is

reversed.

**Statement of the Case and Relevant Facts**

{¶ 2} On February 17, 2022, the State secured an indictment against Jama charging him with: (1) aggravated trafficking in drugs; (2) aggravated possession of drugs; (3) illegal conveyance of drugs of abuse on to the grounds of a specified governmental facility; (4) possession of cocaine; (5) having weapons while under disability; (6) identity fraud; (7) forgery; and (8) tampering with records.

{¶ 3} Upon learning of the charges, Jama, who was incarcerated in the Ohio Department of Rehabilitation and Correction ("ODRC"), signed documents requesting a speedy disposition of the above counts under R.C. 2941.401. The request was signed by Jama on November 8, 2022, and filed by the ODRC on November 14, 2022.

{¶ 4} On January 30, 2023, Jama made a demand for discovery. The State responded the next day with discovery and a demand for reciprocal discovery. Jama never provided the State with reciprocal discovery; nor did he notify the State that he had no discovery to provide.

{¶ 5} On October 3, 2023, Jama filed a motion to dismiss, arguing that the State violated R.C. 2941.401 by failing to bring him to trial within 180 days. On October 18, 2023, the State requested leave to file a delayed response, and the trial court granted the State until October 24, 2023, to submit its filing. On October 24, 2023, the State filed its response.

{¶ 6} On October 26, Jama filed a motion to strike the State's response. In his motion, Jama acknowledged that "[t]he prosecution requested Discovery on January 31,

2.

2023," and stated that "Defendant did not produce discovery because he did not have anything to produce."

{¶ 7} On October 31, 2023, the trial court granted Jama's motion to dismiss on speedy trial grounds. Finding that the 180-day speedy trial clock started to run on November 14, 2022, the court made an initial determination that Jama's right to a speedy trial required that he be brought to trial by May 13, 2023. Factoring in that Jama had been granted a seven-day continuance on a previously scheduled pretrial conference, the trial court ultimately concluded that Jama's right to a speedy trial required that he be brought to trial by May 20, 2023.

{¶ 8} In reaching its decision, the trial court rejected the State's argument that all the time after January 31, 2023, should have been charged against Jama because of his failure to respond to the State's demand for reciprocal discovery.

**Assignment of Error**

{¶ 9} On appeal, the State asserts the following assignment of error:

I.      The trial court erred when it did not employ the tolling mechanisms recognized by R.C. 2945.72 and find that Jama's failure to respond to the State's demand for reciprocal discovery, among other events, tolled the time period in which he was to be brought to trial under R.C. 2941.401. *See State v. Hall*, 2017-Ohio-2577, ¶ 20-26.

3.

## Law and Analysis

{¶ 10} "A speedy trial claim involves a mixed question of law and fact." *State v. Hall*, 2017-Ohio-2577, ¶ 18. Appellate courts "must accept as true any facts found by the trial court and supported by competent, credible evidence." *Id.* Regarding legal issues, however, "we apply a de novo standard of review and thus freely review the trial court's application of the law." *Id.*

{¶ 11} R.C. 2941.401 states:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, the prisoner shall be brought to trial within one hundred eighty days after the prisoner causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of the prisoner's imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or the prisoner's counsel present, the court may grant any necessary or reasonable continuance.
>
> …
>
> If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

"A prisoner satisfies the 'causes to be delivered' requirement in R.C. 2941.401 by providing written notice of his imprisonment and a request for final disposition to the

4.

warden of the institution where he is incarcerated." *State v. Williams*, 2023-Ohio-3647, ¶ 18.

{¶ 12} Because R.C. 2941.401 contains no language prohibiting the application of the tolling events set forth in R.C. 2945.72, this court has ruled that the tolling provisions of R.C. 2945.72 apply to the 180-day speedy trial time limit set forth in R.C. 2941.401. *Hall* at ¶ 21, citing *State v. Roberts*, 2004-Ohio-5509 (6th Dist.).

{¶ 13} R.C. 2945.72(D) states: "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended [by] [a]ny period of delay occasioned by the neglect or improper act of the accused." "The failure of a criminal defendant to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D)." *State v. Palmer*, 2007-Ohio-374, syllabus paragraph one; *see also Hall* at ¶ 26.

{¶ 14} This court recently determined that "30 days is a reasonable time to respond to a discovery request," and, thus, the speedy trial clock is tolled beginning on the 31st day. *State v. Holz*, 2023-Ohio-4005, ¶ 25 (6th Dist.), citing *State v. Runner*, 2022-Ohio-4756, ¶ 41 (7th Dist.) (holding that the defendant's failure to timely respond to the State's request for discovery "tolled the speedy trial clock on the thirty-first day after the State's request was filed") and *State v. Sanders,* 2019-Ohio-1524, ¶ 24 (8th Dist.) (noting that the Eighth District Court of Appeals "has generally considered 30 days

5.

to be a 'reasonable' response time when applying R.C. 2945.72"). (Additional citations omitted.)

{¶ 15} Where a defendant has no discovery to provide, he must respond to the discovery request by notifying the State of that fact. *See Runner* at ¶ 40 (holding that defense counsel's written request for supplemental discovery, coupled with the State's subsequent demand for discovery, imposed an obligation on the defendant pursuant to Crim.R. 16(H) to provide reciprocal discovery to the State, or in the alternative, to notify the State that no discovery was forthcoming, within a reasonable time). "The tolling of statutory speedy-trial time based on a defendant's neglect in failing to respond within a reasonable time to a prosecution request for discovery is not dependent upon the filing of a motion to compel discovery by the prosecution." *Palmer* at syllabus paragraph two. Further, the State "need not show that it was prejudiced by [the defendant's] failure to promptly respond to its reciprocal discovery request in order to be entitled to an extension of speedy-trial time." *Id.* at ¶ 21.

{¶ 16} In this case, Jama delivered his written notice and request for final disposition on November 8, 2022, when he signed his request for speedy disposition and triggered the request's being sent to the Wood County Clerk's Office. Thus, November 8, 2022, was the starting date for the 180-day time period under R.C. 2941.401.

{¶ 17} As noted above, the State made its demand for reciprocal discovery on January 31, 2023. It was not until October 26, 2023, that Jama indicated to the State for the first time that he had not produced any discovery "because he did not have anything

6.

to produce." Jama's speedy trial clock, therefore, was tolled for a period of 237 days -- from March 3, 2023 (the thirty-first day following the State's demand for reciprocal discovery) until October 26, 2023, when Jama informed the State that he had no discovery to provide.[1]

{¶ 18} Utilizing the November 8, 2022, starting date -- and without taking into account any additional tolling events that may have taken place before March 3, 2023 -- leaves the state with 65 days to bring Jama to trial.

{¶ 19} In an effort to avoid this conclusion, Jama attempts to distinguish *Palmer*, *Holz*, and *Hall* on factual grounds, stating in summary:

> Unlike *Palmer*, Appellee's Counsel never gave the impression that they may have additional discovery to turn over. Unlike *Hall*, Appellee did not enter a plea only to address the statute of limitations on appeal. And unlike *Holz*, discovery was demanded, and during the 180-day period that time was running, Appellee had only waived time, for one week, from April 10-17, 2023.[2]

None of these minor factual distinctions, even assuming their accuracy, in any way affects the applicability of the cited law to the facts of this case.

---

[1] In this decision, we make no determination as to whether other tolling events may have occurred during the pendency of Jama's case.

[2] We note that Jama incorrectly states that the defendant in Holz never filed a discovery request. *See Holz*, 2023-Ohio-4005. ¶ 4 (providing that "[o]n September 6, 2019, the state filed a demand for discovery and a response to Holz's discovery request").

7.

**{¶ 20}** Next, Jama argues that our reliance on *Hall, Palmer,* and *Holz* "would have deleterious effects on the practice of criminal law, where [as here] a failure to respond to the State of Ohio's motion had no material impact on the outcome of the case." In making this argument, Jama fails to cite any authority in support of his suggestion that a defendant's duty somehow changes where a defendant's failure to comply with the rules has minimal, or even no, impact in a case.

**{¶ 21}** Citing *State v. Sadeghi*, 2016-Ohio-744, ¶ 17 (9th Dist.), Jama next urges this court to conclude that "one should not be forced to turn over something they do not have, and that failure to do so should not be the basis for error." As noted by the State, however, Jama was never asked to provide something that he did not possess; instead, he was merely required to inform the State that he had nothing to provide it in reciprocal discovery to restart his speedy trial clock.

**{¶ 22}** For the foregoing reasons, the State's assignment of error is found well-taken.

### Conclusion

**{¶ 23}** Because Jama's speedy trial right was not violated, the trial court erred dismissing this case. Accordingly, the judgment of the Wood County Court of Common Pleas is reversed, and the matter is remanded to the trial court for additional proceedings consistent with this opinion. Jama is to pay the costs of appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.       _____
                JUDGE

Myron C. Duhart, J.

              _____

Charles E. Sulek, P.J.        JUDGE
CONCUR.

              _____
                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.